**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

APOSTOLIC TEMPLE

PLAINTIFF,

vs.                                                                CIVIL ACTION NO.  4:20-cv-206
                                                                    JUDGE_____

BROTHERHOOD MUTUAL
INSURANCE COMPANY,

DEFENDANT.

**PLAINTIFF'S ORIGINAL COMPLAINT
JURY TRIAL DEMANDED**

**COME NOW, APOSTOLIC TEMPLE** (hereinafter, referred to as Plaintiff), and file this, their **Original Complaint**, and for causes of action against BROTHERHOOD MUTUAL INSURANCE COMPANY ("BROTHERHOOD") (hereinafter, referred to as "Defendant"), would show unto the Court and the jury the following:

**PARTIES AND SERVICE OF PROCESS**

1.    Plaintiff **APOSTOIC TEMPLE** owns the property located at 2630 Allen Genoa, Pasadena, Texas 77502 that is the subject of this lawsuit and is situated in Harris County, Texas.

2.    Defendant, BROTHERHOOD MUTUAL INSURANCE COMPANY is a foreign insurance company registered to engage in the business of insurance in the State of Texas.  Brotherhood Mutual Insurance Company is domiciled in the State of Indiana. This Defendant may be served with personal service by a process server, by serving its Attorney for Service, Cogency Global, Inc., 1601 Elm St., Suite 4360, Dallas, Texas 75201.

1

## STATUTORY AUTHORITY

3. This suit also brought in part, under the Texas Insurance Code, Sections 541.051 *et seq.,* 541.151 *et seq.*, 542.051 *et se.,* and Tex. Civ. & Rem. Code Section 38.01 *et seq.*

## JURISDICTION

4. This Honorable Court maintains subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, based on complete diversity of citizenship between the parties. The amount in controversy exceeds the minimum jurisdictional limits.

## VENUE

5. This Honorable Court maintains venue under 28 U.S.C. § 1391(b)(2), being the judicial district of the location of the properties that is the subject of this action.

## NOTICE AND CONDITIONS PRECEDENT

6. Defendant has been provided written notice of the claims made by Plaintiff in this complaint, including a statement of Plaintiffs' actual damages and expenses in the manner and form required by Tex. Ins. Code § 542A.003.

7. All conditions precedent necessary to maintain this action and in order to maintain claim under the insurance policy in question have been performed, occurred, or have been waived by Defendant.

## FACTS

8. This lawsuit arises out of the following transactions, acts, omissions, and/or events. On January 18, 2018, a copper water supply line pipe burst in the day care building and severely damaged Plaintiff's property.

9. Plaintiff submitted a claim to Defendant, BROTHERHOOD, pursuant to the contract of insurance, for damages to the property as a result of the pipe burst and

asked Defendant BROTHERHOOD to honor its contractual obligations and cover the cost of repairs to the property.

10.     Defendant, BROTHERHOOD**,** accepted the Plaintiff's claim and assigned a claim number of 553336.

11.     Plaintiff then hired Stevephen Lott of Integrity Claims Services, LLC to inspect the property for damages from the pipe burst, properly investigate and evaluate the claim and communicate with Defendant and its representatives regarding the claim.

12.     Defendant, BROTHERHOOD assigned Syndicate Claims Services, Inc. to investigate and evaluate the claim. Syndicate Claims Services, Inc. then assigned adjuster Barton Bennett, to inspect, investigate and evaluate the claim, assess the damages to the property, and communicate with the Plaintiff as to coverage under the policy.

13.     Barton Bennett performed an inspection of the subject insured property on January 20, 2018 . At that time,  liability was reasonably clear.  He then failed to provide an estimate of the damages or written acceptance or denial of Plaintiff's claim within the time allowed under Texas law.  On March 22, 2018, Mr. Bennett emailed the estimate of covered damages to Plaintiff's public adjuster.  The estimate valued Plaintiff's damages at replacement cost $201,761.19. The estimate undervalued Plaintiff's damages and misrepresented the value of Plaintiff's total loss. Even though the property had sustained extensive damages from the pipe burst, Bennett ignored covered water damages to the property.  Bennett completed a results oriented, unreasonable inspection, failed to document all the covered water damages to the property, ignored facts supporting coverage and improperly denied Plaintiff's damages.

14.     On March 23, 2018, Plaintiff's public adjuster spoke to Mr. Michael Moseley, Defendants' inside adjuster.  Mr. Moseley advised that payment would be

issued for the undisputed amount. On April 2, 2018, Mr. Michael Moseley emailed a statement of loss and estimate to Plaintiff listing a replacement cost value of $187,349.03, which was lower than the amount of the estimate received from the field adjuster Mr. Bennett and further misrepresented the value of Plaintiff's damages. Payment on Plaintiff's claim was not issued until April 2, 2018, well beyond the time period allowed under Texas law.

15. Plaintiff did not agree with Mr. Bennett or Mr. Moseley's differing assessments of the damages to its property.

16. Stevephen Lott determined that Plaintiff's property damages were grossly undervalued by Mr. Bennett, Mr. Moseley and BROTHERHOOD. After inspecting the property, Mr. Lott determined that there was more extensive water damage, warranting additional payment.

17. Defendant BROTHERHOOD chose not to make any additional payments on the claim and failed to explain the differences in Bennett and Moseley's estimates.

18. Plaintiff then retained Kelly Spence of Tremaine Enterprises to inspect the property and assist in determining the extent of damage to the property. Ms. Spence inspected the property with Plaintiff. Ms. Spence provided an estimate of damages from the pipe break in the amount of $384,377.04.

19. Defendant, BROTHERHOOD relied upon Mr. Bennett's inaccurate and unreasonable report to deny the Plaintiff's damages. Furthermore, Defendant, BROTHERHOOD failed to accept or deny coverage for the remaining damages in writing within the statutory deadline.

4

20. Based on the improper, inadequate, and incomplete investigation of BROTHERHOOD, and its representatives, the Plaintiff's damages were only estimated at $187,349.03.

21. To date Plaintiff has yet to receive full payment on its pipe burst claim.

22. Defendant, BROTHERHOOD ignored the information provided by the Plaintiff and its public adjuster. Instead, Defendant, BROTHERHOOD chose simply to only rely on the portions of its adjuster's, consultant's, and vendors' reports which supported the results-oriented investigation and coverage decisions supporting denial of Plaintiff's claim.

23. Defendant, BROTHERHOOD failed to perform its contractual obligation to compensate Plaintiff under the terms of the Policy.

## CAUSES OF ACTION AGAINST DEFENDANT, BROTHERHOOD - COUNT I - BREACH OF CONTRACT

24. Each of the foregoing paragraphs is incorporated by reference in the following.

25. Plaintiff and Defendant BROTHERHOOD executed a valid and enforceable written insurance contract providing insurance coverage to the insured location at. The policy provides coverage for the peril of pipe burst and water damage, such as those sustained on January 18, 2018, among other perils.

26. All damages and loss to the Plaintiff's properties were caused by the direct result of a peril for which Defendant BROTHERHOOD insured the Plaintiff, pursuant to the policy herein, specifically, the perils of pipe burst and water damage.

27. Defendant, BROTHERHOOD sold the subject insurance policy to Plaintiff insuring the subject insured properties in its "as is" condition.

28. Plaintiff suffered a significant loss with respect to the property at issue and additional expenses as a result of the pipe burst that occurred on January 18, 2018.

29. Plaintiff submitted a claim to Defendant, BROTHERHOOD pursuant to the contract of insurance for damages as a result of the pipe burst.

30. Plaintiff provided Defendant, BROTHERHOOD, with proper notice of damage to the interior of the subject insured property.

31. Defendant, BROTHERHOOD ignored the information provided by the public adjuster and other information provided by Plaintiff that supported coverage of Plaintiff's damage and chose to rely solely on its own consultants.

32. BROTHERHOOD by and through its adjusters and representatives have failed to properly evaluate the damages resulting from the covered cause of loss.

33. BROTHERHOOD by and through its adjusters and representatives failed to retain the appropriate experts and/or consultants to evaluate the damages caused by the pipe burst to the subject property.

34. As of this date, BROTHERHOOD by and through its adjusters and representatives have failed to pay for the pipe burst and water damages to Plaintiff's property.

35. Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the insurance policy.

36. Defendant, BROTHERHOOD, acting through its agents, servants, representatives and employees has failed to properly investigate, evaluate and adjust Plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff.

37. Defendant, BROTHERHOOD has failed and refused to evaluate the information and surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

38. As of this date Defendant, BROTHERHOOD continues to be in breach of the contract.

39. BROTHERHOOD ignored the information provided by Plaintiff and their public adjuster during the handling of the claim and did not make any payment to indemnify Plaintiff for the full amount of the covered damages.

40. BROTHERHOOD failed to make any payment after receipt of the additional information from Plaintiff and its public adjuster.

41. The mishandling of Plaintiff's claim caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

## COUNT II - VIOLATIONS OF THE TEXAS UNFAIR OR DECEPTIVE PRACTICES ACT

42. Each of the foregoing paragraphs is incorporated by reference in the following.

43. Defendant BROTHERHOOD is an entity that is required to comply with Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151. Defendant's conduct constitutes multiple violations of the Texas Unfair or Deceptive Practices Act.

1. Misrepresenting a material fact or policy provision relating to coverage at issue;

    a. Making an untrue statement of material fact. BROTHERHOOD through its agents, employees, or consultants prepared an estimate of

7

       damages that was misleading as to the value of damages to the subject property stating the total damages were $187,349.03.

   b. Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made. BROTHERHOOD through its agents, employees, or consultants failed to advise Plaintiff that it failed to perform proper testing of the building and property in order to more accurately investigate and evaluate the damages resulting from the covered perils of the pipe burst and water damage.

   c. Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. BROTHERHOOD through its agents, employees, or consultants advised Plaintiff and its public adjuster that it had investigated and evaluated the damages to the subject property resulting from the January 18, 2018 pipe burst and concluded its coverage determination, thereby misleading the Plaintiff to conclude that a proper and complete investigation had been performed.

2. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear. BROTHERHOOD failed to consider reports provided by Plaintiff's and failed to utilize information in the reports that would support coverage of Plaintiff's damages.

      3.      Failing to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim. To date, Defendant has failed to provide a reasonable explanation of the basis of its denial of coverage for all of Plaintiff's damages.

      4.      Refusing to pay a claim without conducting a reasonable investigation with respect to the claim. BROTHERHOOD through its agents, employees, or consultants failed to request its employees, agents, or consultants to perform proper testing of the building at the subject insured property in order to properly evaluate the extent and value of damages resulting from the pipe burst event of January 18, 2018.

44.      Defendant's unfair settlement practice in failing to conduct a proper and thorough evaluation, failing to perform adequate testing of the building to more accurately investigate and evaluate the damages, failing to advise Plaintiff that it had not performed proper testing of the building and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate damage estimate resulted in Defendant's failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

## COUNT III – VIOLATIONS OF THE PROMPT PAYMENT OF CLAIMS ACT

45.      Each of the foregoing paragraphs is incorporated by reference here fully.

46. Defendant's conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act - Tex. Ins. Code Chapter 542. All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

47. Specifically, Defendant failed to accept or reject Plaintiff's claim within the time period or notify the Plaintiff why it needed more time, as required by Tex. Ins. Code 542.056.

48. Defendant failed to timely conduct a proper investigation of the damages to the subject property resulting from a covered peril, resulting in a delay of payment of adequate insurance benefits as contracted under the insurance policy between the parties.

49. Defendant's failure to give adequate consideration to the information provided by Plaintiff's public adjuster, which made liability reasonably clear, resulted in additional delay of payment of the claim after having sufficient information to make payment for such claim.

50. BROTHERHOOD ignored the information provided by Plaintiff and Plaintiff's public adjuster during the handling of the claim and did not make a payment.

51. BROTHERHOOD, upon receipt of the Kelly Spence estimate from Plaintiff, had sufficient information to make full payment to Plaintiff for the damages, but as of this date has failed to do so.

## COUNT IV - BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

52. Each of the foregoing paragraphs is incorporated by reference here fully.

53. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to its insured pursuant to the insurance contract and in direct contradiction of the applicable industry standards of good faith and fair dealing.

54. Defendant failed to conduct a proper and thorough evaluation, failing to perform adequate testing of the building to more accurately investigate and evaluate the damages, failing to advise Plaintiff that it had not performed proper testing of the building and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate damage estimate.

55. Defendant's failure, as described above, to adequately and reasonably investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

56. BROTHERHOOD ignored the information provided by Plaintiff's public adjuster during the handling of the claim and did not make any payment.

57. BROTHERHOOD failed to make any payment after receipt of the additional information from the public adjuster and Kelly Spence, when BROTHERHOOD knew or should have known liability was reasonably clear.

## COUNT V – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

58. Each of the foregoing paragraphs is incorporated by reference here fully.

59. At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendant, BROTHERHOOD and the products and services form the basis of this action.

60. Defendant BROTHERHOOD has violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

    a. By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA § 17.50(a)(1)(3) in that Defendant BROTHERHOOD took

   advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapters 541 and 542 of the Texas Insurance Code;

  b. Generally engaging in unconscionable courses of action while handling the claim; and/or

  c. Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

## KNOWLEDGE AND INTENT

61. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

## DAMAGES AND PRAYER

62. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff herein, complains of Defendant BROTHERHOOD' acts and omissions and pray that, Defendant be cited to appear and answer and that upon a final trial on the merits, Plaintiff recover from Defendant the following:

63. Plaintiff would show that the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

64. For breach of contract by Defendant, BROTHERHOOD, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of the claims, together with attorney's fees, pursuant to Tex. Civ. & Rem. Code Sec. 38.001 *et seq*.

65. For noncompliance with the Texas Unfair or Deceptive Practices Act by Defendant, BROTHERHOOD, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not

limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks **for three (3) times** its actual damages, pursuant to Tex. Ins. Code Ann. Section 541.152 *et seq*.

66. For noncompliance with the Texas Prompt Payment of Claims Act by Defendant, BROTHERHOOD, Plaintiff is entitled to the amount of their claim, as well as ten (10) percent interest per annum post judgment interest, together with reasonable and necessary attorney's fees, as allowed by law, and for any other further relief, either at law or in equity, to which it may show itself to be justly entitled, pursuant to Tex. Ins. Code Sec. 542.058 *et seq*. and 542.060 *et seq*.

67. For violations of the common law duty of good faith and fair dealing by Defendant, BROTHERHOOD, Plaintiff is entitled to actual damages, direct and indirect consequential damages, mental anguish, and exemplary damages.

68. For noncompliance with the Texas Deceptive Trade Practices Act ("DTPA") by Defendant, BROTHERHOOD, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages and mental anguish damages, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for **three (3) times** their damages, pursuant to the DTPA and Tex. Ins. Code Ann. Section 541.152 *et seq*.

## **JURY DEMAND**

69. Plaintiff respectfully demands a **trial by jury**.

Respectfully submitted,

**PANDIT LAW FIRM, L.L.C.**

BY: /s/ *Carla R. Delpit*
**CARLA R. DELPIT,
Texas Bar No. 24082183
Southern District Bar No. 2248226
One Galleria Tower
2700 Post Oak Blvd., 21st Floor
Houston, Texas 77056
Telephone:    (832) 583-5663
Facsimile:    (504) 313-3820
Email: cdelpit@panditlaw.com**

**ATTORNEY FOR PLAINTIFF
APOSTOLIC TEMPLE**